FILED
JAMES BONINI
CLERK

11 APR 29 PM 3:46

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CINCINNATI BELL INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ARRIVALSTAR S.A. AND MELVINO TECHNOLOGIES LIMITED**<br><br>Defendants. | Case No.: **1:11CV274**<br><br>Judge **J. BARRETT**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT IN PATENT CASE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cincinnati Bell Inc. ("Cincinnati Bell"), for its complaint against ArrivalStar S.A. ("ArrivalStar") and Melvino Technologies Limited ("Melvino"), alleges as follows:

1. Cincinnati Bell is an Ohio corporation with its principal place of business at 221 East Fourth Street, Cincinnati, OH 45202.

2. On information and belief, ArrivalStar is a corporation organized and operating under the laws of Luxembourg, having offices at 127 rue Michel, Welter L-2730, Luxembourg.

3. On information and belief, Melvino is a corporation organized and operating under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

4. This Court has jurisdiction over the subject matter of this action under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202, on the grounds that Cincinnati Bell seeks a declaration of its rights against accusations of patent infringement and implied threats of patent infringement litigation made by Defendants concerning products and/or services of Cincinnati Bell.

5. Defendants are and have previously conducted patent licensing and enforcement activities in the State of Ohio. These efforts relate to some, if not all, of the patents that are the subject of this action. In addition to Defendants' patent licensing activities in the State of Ohio, Defendants previously initiated patent enforcement proceedings against residents of the State of Ohio related to at least one patent that is the subject of this action.

6. For example, Defendants initiated a patent infringement action involving U.S. Patent No. 6,904,359 ("the '359 Patent") and a related patent against AtomicBox, Inc., an Ohio corporation, in the case titled *ArrivalStar SA et al. v. AtomicBox, Inc*. 5:06-cv-00964, in the U.S. District Court for the Northern District of Ohio. Defendants have thus purposefully directed their activities at residents of the State of Ohio, including at least Cincinnati Bell and AtomicBox, Inc.

7. On information and belief, as part of Defendants' patent licensing and enforcement activities, Defendants have also sent cease-and-desist letters to Ohio residents related to some, if not all, of the patents that are the subject of this action.

8. Cincinnati Bell's claims arise out of and/or relate to the activities of Defendants in enforcing the patents that are the subject of this action. This Court, therefore, has personal jurisdiction over Defendants.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this complaint occurred in this district. Venue is further proper because Defendants are subject to personal jurisdiction in this judicial district and are therefore deemed to reside in this district under 28 U.S.C. § 1391(c).

10. On or about April 14, 2011, Defendants sent Cincinnati Bell a letter in which Defendants accused Cincinnati Bell of using, without a license, technology covered by one or more claims of the '359 Patent, U.S. Patent No. 7,030,781 ("the '781 Patent"), and U.S. Patent No. 7,400,970 ("the '970 Patent") (collectively, the "ArrivalStar Patents"). In the letter, Defendants specifically stated that Cincinnati Bell "infringes claims" of the '359 Patent, the '781 Patent, and the '970 Patent and advised Cincinnati Bell to license the ArrivalStar Patents.

11. Attached as Exhibits 1-3 are copies of the '359 Patent, the '781 Patent, and the '970 Patent, respectively.

12. On information and belief, Defendants allege that they are the owners of all right, title, and interest in the '359 Patent, the '781 Patent, and the '970 Patent.

13. Cincinnati Bell, however, does not infringe any valid claim of the '359 Patent, the '781 Patent, or the '970 Patent.

14. Based on the letter sent by Defendants and the history of litigation filed by Defendants on these same and related patents, there is a real and immediate controversy between Cincinnati Bell and Defendants, the resolution of which is necessary in order that Cincinnati Bell may avoid wrongful injury to the reputation of its goods and services in the marketplace and other direct injury suffered from Defendants' wrongful allegations.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-infringement)**

15. Cincinnati Bell incorporates the foregoing allegations as if fully restated herein.

16. Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '359 Patent, the '781 Patent, or the '970 Patent.

17. A justiciable controversy exists as to whether Cincinnati Bell has been or is now infringing any valid claim of the '359 Patent, the '781 Patent, or the '970 Patent.

18. Cincinnati Bell seeks a declaration from this Court that Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '359 Patent, the '781 Patent, or the '970 Patent.

19. Absent the requested declaration by the Court, Cincinnati Bell will suffer irreparable injury.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity)

20. Cincinnati Bell incorporates the foregoing allegations as if fully restated herein.

21. A justiciable controversy has arisen and now exists between Cincinnati Bell and Defendants concerning the validity of the '359 Patent, the '781 Patent, and the '970 Patent.

22. Cincinnati Bell seeks a declaration from this Court that the claims of the '359 Patent, the '781 Patent, and the '970 Patent are invalid.

23. Absent the requested declaration by the Court, Cincinnati Bell will suffer irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Cincinnati Bell prays for the following relief against Defendants:

A. That this Court enter a declaration that Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '359 Patent, the '781 Patent, or the '970 Patent;

B. That this Court enter a declaration that the claims of the '359 Patent, the '781 Patent, and the '970 Patent are invalid;

C. That this Court enter an order precluding Defendants from commencing or maintaining any action against Cincinnati Bell, its customers, or end users of products and services of Cincinnati Bell; and

D. That Cincinnati Bell be awarded such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Cincinnati Bell hereby demands a trial by jury of all issues.

Respectfully submitted,

/s/ Kevin W. Kirsch
Kevin W. Kirsch (0081996)
   *Trial Attorney*
David A. Mancino (*pro hac vice* to be filed)
John F. Bennett (0074506)
Matthew P. Hayden (0082230)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3499
Facsimile: (513) 929-0303
kkirsch@bakerlaw.com
dmancino@bakerlaw.com
jbennett@bakerlaw.com
mhayden@bakerlaw.com

ATTORNEYS FOR PLAINTIFF
CINCINNATI BELL INC.

503470887